FRANK M. CROWELL v. ROBERT HARVEY.

[FILED OCTOBER 14, 1890.]

1. **Petition**: DEFINITENESS. In an action for breach of warranty in the sale of certain abstract books, and also for rescission of the contract and return of the money paid for the same, a motion to make the petition definite and certain by pointing out the alleged errors in such books was *held* properly overruled.

2. **New Trial**: GROUNDS INSUFFICIENT. Mere forgetfulness, or the overlooking of material testimony by an attorney or his client, is not sufficient ground on which to base a motion for a new trial.

ERROR to the district court for Howard county. Tried below before HARRISON, J.

*Thompson Bros.*, for plaintiff in error, cited, as to the motion to make more definite: *Louisville, etc., Canal Co. v. Murphy*, 9 Bush [Ky.], 522; Pomeroy, Remedies, secs. 529–31; Maxwell, Pl. & Pr., pp. 73, 85, 203.

*Darnall & Babcock*, and *Paul & Templin*, contra, cited, as to the affidavit for new trial: *Goracke v. Hintz*, 13 Neb., 397, and citations; Maxwell, Pl. & Pr., 440; Hilliard, New Trials, sec. 38.

MAXWELL, J.

This action was brought in the district court of Howard county by the defendant in error against the plaintiff in error. Issue was joined in 1887, and a jury impaneled and sworn in that year to try the cause. The probability of a protracted and expensive trial seems to have induced the parties to consent to the withdrawal of a juror and continuance of the case. Afterwards the parties, by agreement, referred the matter in controversy to J. A. Haggart

to examine the abstract books and report to the court; the entry being "and this cause was continued to the 9th day of January, 1888, to be then tried to the court, and by consent of all parties J. A. Haggart was appointed referee to examine the abstract books in question in this case, and report thereon as to the correctness or incorrectness of the said books, on the said 9th day of January, 1888." The referee took the oath required by law, and notified the parties of the time and place for the examination of the books, and at the time and place stated examined the same and made a report in favor of the plaintiff below.

No exceptions were filed to this report, nor does there seem to have been any formal confirmation thereof, but the court apparently accepted the finding of facts therein as correct, and based its judgment thereon. The referee reported the errors in the abstract books in detail, and no attempt seems to have been made by the plaintiff in error to dispute the correctness of his findings. If we accept these findings as correct, it is evident that the abstract books contained many errors, and therefore were of but little value.

There is no complaint that the judgment of the court is not sustained by sufficient evidence; but reliance is placed upon two points for the reversal of the judgment, viz. The overruling of a motion to make the petition more definite and certain, and in not granting a new trial based upon the affidavit of the plaintiff in error and his attorney. The petition is as follows:

"That on or about March 7, 1887, the defendant, as an inducement to plaintiff to purchase from him a one-half interest in a set of abstract books of real property in Howard county, Nebraska, consisting of one tract index, one book of abstracts of deeds, one book of abstracts of mortgages, one book of abstracts of judgment record, for the sum of five hundred dollars, warranted the same to be absolutely correct in every respect, and to be a complete

and correct abstract of all transfers, mortgages, judgments, and liens of all kinds affecting the real property in Howard county, Nebraska, to the date March 7, 1887, and plaintiff, relying on said warranty, purchased one-half interest in said abstract books and records from the defendant for the sum of five hundred dollars, then paying the defendant on said purchase the sum of four hundred and fifty-five dollars.

"Plaintiff avers that said set of abstract books, as aforesaid, was not correct in every respect, and was not a complete or correct abstract nor index of transfers, mortgages, judgments, and liens affecting the lands and real property in Howard county, Nebraska, to the date March 7, 1887, but that said set of abstract books are full of errors and mistakes, so much so that they are of no value whatever for the purpose for which they were intended, and for which plaintiff received them.

"The plaintiff further alleges that when by examination and comparing the entries in said abstract records and books with each other and with the county records, and finding them so defective, as aforesaid, that on the 13th day of May, 1887, plaintiff herein returned to him, the defendant, the one-half interest in said books and demanded of him, the said defendant, the sum of four hundred and fifty-five dollars, the same being the amount already paid by him to defendant as part payment for the one-half interest in said books as aforesaid. The defendant refused to pay the same, to the plaintiff's damage in the sum of four hundred and fifty-five dollars and interest thereon from March 7, 1887."

And the following is the motion to make the petition definite and certain: "To require the said plaintiff to make his petition in said cause more specific in this, that he be required to state more fully in what respect the said books were 'not correct in every respect,' and why and in what way they were not a complete or correct abstract or

index of transfers, etc., affecting the lands and real prop-
erty in Howard county, and in what the errors and mis-
takes consist of, and in what way they differ with the
county records, all of which should be specifically and par-
ticularly set forth in the said petition."

In our view the motion was properly overruled.

The plaintiff below alleges, in substance, that the defend-
ant below warranted the books to be absolutely correct in
every respect, and also that they were full of errors and
mistakes.    It would be impossible in an action of this
kind to point out the many errors and mistakes relied
upon for a breach of the warranty.    To sustain the action,
however, it must appear that the mistakes are of so serious
a nature as to greatly impair the value of the books.
Slight or trivial mistakes which could readily be corrected,
would not, in all probability, constitute such a breach of
the warranty as to entitle the plaintiff to recover more
than nominal damages.    It will also be observed that the
plaintiff below alleges that the defendant below repre-
sented the books to be correct, and that, relying upon such
statements, he was induced to purchase the same, but that
he found them full of errors and mistakes, so much so
that they were of no value whatever for the purpose for
which they were intended, and that he returned the same
to the defendant below and demanded a return of the
money paid for said books, which was refused.    This, in
effect, is a rescission of the contract, and we think the proof
is of such a character as to justify the plaintiff below in re-
scinding.

2d.  We have the affidavit of the plaintiff in error and
also of his attorney, in support of the motion for a new
trial, in which they swear, in substance, that they were mis-
led by the adverse attorney and supposed that all the rec-
ords had been introduced in evidence when in fact some of
such records had not been.    It is difficult to perceive what
relevancy the affidavits in question have to the case under

consideration. It is no ground for a new trial that an attorney, or his client, forgets a material fact in the case. If new trials could be had for such reason, it would offer a premium for forgetfulness and dereliction of duty. Upon the whole case it is apparent that there is no material error in the record and the judgment is

AFFIRMED.

THE other judges concur.